# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roger Harper,**
**Petitioner Below, Petitioner**

**vs)   No. 16-0558** (Roane County 16-C-10)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**April 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roger Harper, pro se, appeals the order of the Circuit Court of Roane County, entered on May 26, 2016, dismissing his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 1990, petitioner was indicted on two counts of first-degree murder and one count of malicious wounding after an altercation at a bar, in which he killed two people and wounded another. The circuit court committed petitioner to Weston State Hospital for mental evaluation. While petitioner was determined to be competent to stand trial and criminally responsible for his conduct, one examiner *provisionally* diagnosed petitioner with intermittent explosive disorder.[1] The examiner opined that, to confirm that diagnosis, alcohol intoxication would need to be ruled out. The examiner noted that there were "some questions" as to whether intermittent explosive disorder was an actual mental condition.

Petitioner's trial attorneys sought funding to retain a mental health expert to determine whether petitioner suffered from intermittent explosive disorder. Upon the circuit court's approval of funding, petitioner's trial attorneys retained Dr. Ralph Smith, Jr., a psychiatrist. Dr. Smith did

---

[1]According to that examiner's report, intermittent explosive disorder is characterized by "[an] episodic loss control."

1

not diagnose petitioner with intermittent explosive disorder. Rather, Dr. Smith found petitioner suffered from alcohol abuse. Not satisfied with Dr. Smith's report, petitioner's trial attorneys filed a motion for funding to hire an additional expert.

The circuit court held a hearing on petitioner's trial attorneys' motion for a second expert on March 4, 1991, at which Dr. Smith was called as a witness. Dr. Smith testified that he was among that group of mental health professionals who doubted intermittent explosive disorder as a valid diagnosis. However, Dr. Smith stated that he accepted that the disorder was a recognized medical diagnosis documented in the Diagnostic and Statistical Manual of Mental Disorders ("DSM") then in effect.[2] Dr. Smith testified that he evaluated whether petitioner had intermittent explosive disorder based on the objective criteria listed in the DSM and determined that petitioner was excluded from having the disorder because one of the rejection criteria was a diagnosis of substance abuse, which Dr. Smith made in petitioner's case. Dr. Smith confirmed that he found that petitioner did not have intermittent explosive disorder "to a reasonable degree of medical certainty" and that he could not think of any reason why he would have been biased against making such a diagnosis if justified by the objective criteria. By an order entered on April 18, 1991, the circuit court denied the motion for funding to retain an additional expert on the ground that "defense counsel was looking for an expert that had the same view as counsel did in regard to the [i]ntermittent [e]xplosive [d]isorder . . . and that said motion is both unreasonable and unnecessary[.]"

In October of 1991, petitioner was found guilty of two counts of first-degree murder and one count of malicious wounding following a jury trial. With regard to petitioner's first-degree murder convictions, the jury did not make any recommendation of mercy. Accordingly, the circuit court sentenced petitioner to two life terms of incarceration without the possibility of parole, and to a term of two to ten years of incarceration for petitioner's conviction for malicious wounding. The circuit court ordered petitioner to serve his sentences consecutively. Petitioner petitioned this Court to review his convictions in 1992, and the Court refused his appeal.

In 1993, petitioner filed a petition for a writ of habeas corpus. The proceedings related to that filing were protracted. On March 31, 2003, petitioner's then-counsel filed an amended habeas petition, which the circuit court dismissed. In its November 14, 2005, order, the circuit court found that the amended petition was "a mere recitation of possible grounds for relief . . . without sufficient factual support." The circuit court designated the dismissal as without prejudice pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings and gave petitioner leave to file another amended petition. Following the Rule 4(c) dismissal, petitioner received new habeas counsel, Attorney Dennis H. Curry. Attorney Curry filed an amended habeas petition on May 25, 2007, alleging that petitioner was denied his right to present a meaningful defense by the circuit court's denial of his motion for funding to retain an additional expert. By an order entered on November 29, 2007, the circuit court found that this amended petition set forth "a prima facie case" for habeas relief and directed respondent to file a response. Respondent filed his response on February 11, 2008.

---

[2]The DSM in effect in 1991 was the 1987 revision of the third edition.

The circuit court denied petitioner's May 25, 2007, amended habeas petition by an order entered January 28, 2011. In that order, the circuit court first addressed whether petitioner waived all grounds for relief other than the issue of the denial of his motion for funding to retain an additional expert in his criminal proceeding. The circuit court found that petitioner waived all other grounds on October 4, 2008, when he informed the court by letter that Attorney Curry's previously-filed motion to withdraw as counsel resulted from a misunderstanding where he miscomprehended his attorney's instructions. Petitioner informed the circuit court that "he did not desire to waste [Attorney] Curry's time or the [c]ourt's time with issues without merit." The circuit court found that petitioner specifically stated that "[he] desired to retain [Attorney] Curry as counsel."

The circuit court proceeded to address the single issue raised by Attorney Curry in the May 25, 2007, amended petition, finding that "it was determined by the parties" that the court could decide the issue "without further evidentiary hearing." With regard to whether petitioner should have been allowed to retain an additional expert in his criminal proceeding, the circuit court reached the same conclusion as it did in its April 18, 1991, order: that the request for another evaluation to determine whether petitioner had intermittent explosive disorder was "unreasonable and unnecessary" given that "Dr. Smith conducted an objective evaluation." The circuit court noted that it came to this conclusion after "[a] review of Dr. Smith's testimony." On May 24, 2011, Attorney Curry filed a motion for relief from judgment on petitioner's behalf pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. The circuit court denied the Rule 60(b) motion by an order entered on June 27, 2011. Petitioner appealed the circuit court's June 27, 2011, order to this Court which affirmed the denial of the Rule 60(b) motion in *State ex rel. Harper v. Ballard*, No. 11-1083, at 2 (W.Va. Supreme Court, February 11, 2013) (memorandum decision).

On February 14, 2016, petitioner filed the instant habeas petition alleging that Attorney Curry was ineffective by (1) coercing him into waiving the grounds for relief raised in the amended petition filed by a previous attorney on March 31, 2003, and dismissed by the circuit court on November 14, 2005; and (2) appealing the June 27, 2011, order denying Rule 60(b) motion for relief from judgment instead of appealing the underlying order, entered on January 28, 2011, that denied the amended habeas petition filed by Attorney Curry on May 25, 2007. By order entered on May 26, 2016, the circuit court dismissed the instant petition on the ground that "the grounds for relief [petitioner] has asserted in the current [p]etition have been previously and finally adjudicated or waived."

Petitioner now appeals the circuit court's May 26, 2016, order dismissing his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

3

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). A court having jurisdiction over habeas corpus proceedings may dismiss a petition for a writ of habeas corpus without a hearing "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner contends that the circuit court erred in dismissing his instant habeas petition without a hearing because he raised ineffective assistance of habeas counsel. Respondent counters that the circuit court properly found that the issues raised in the instant petition were previously and finally adjudicated and that those issues also lack sufficient merit to warrant a hearing. We agree with respondent that the issues were previously and finally adjudicated—but further find, on the merits, that Attorney Curry was not ineffective.

We first set forth the applicable law. With regard to the application of the doctrine of res judicata in habeas cases, we held in syllabus point four of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), as follows:

> A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

With regard to ineffective assistance of counsel, such claims are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Petitioner first alleges that Attorney Curry coerced him into waiving the grounds for relief raised in the March 31, 2003, amended habeas petition that was filed by a previous attorney. We find that this issue was adjudicated in the January 28, 2011, order, in which the circuit court found that petitioner waived those grounds. The circuit court noted that the basis for its finding was a October 4, 2008, letter in which petitioner informed the court that Attorney Curry's previously-filed motion to withdraw as counsel resulted from a misunderstanding where he miscomprehended his attorney's instructions. Petitioner informed the circuit court that "he did not desire to waste [Attorney] Curry's time or the [c]ourt's time with issues without merit." The circuit court found that petitioner specifically stated that "[he] desired to retain [Attorney] Curry as counsel."

Upon our review of the record, we also agree with the circuit court's finding that petitioner voluntarily waived the previously-raised grounds and note that our determination is partially based on a lack of credibility on the part of petitioner in making this claim. Petitioner alleges that the circuit court found that the issues raised in the March 31, 2003, petition set forth "a prima facie case" for habeas relief in its November 29, 2007, order. However, the November 29, 2007, order reflects that it was the subsequent amended habeas petition filed by Attorney Curry on May 25,

2007, that set forth "a prima facie case." In contrast, the circuit court earlier dismissed the March 31, 2003, petition (without prejudice) in a November 14, 2005, order, on the ground the issues raised therein lacked "sufficient factual support." Therefore, we find that petitioner's claim on appeal that the issues in the March 31, 2003, petition were "viable" is contradicted by the record. Accordingly, we conclude that petitioner's allegation that Attorney Curry coerced him into waiving the grounds for relief raised in the March 31, 2003, amended habeas petition both fails on the merits and is barred by the doctrine of res judicata as previously and finally adjudicated.

Second, petitioner alleges that Attorney Curry was ineffective in failing to appeal the January 28, 2011, order denying the May 25, 2007, amended habeas petition. Given that Attorney Curry instead appealed the June 27, 2011, order denying the Rule 60(b) motion, petitioner claims that we never reviewed his argument that he was denied a meaningful defense in his criminal case on the merits.[3] However, we find that the issue of whether petitioner was denied a meaningful defense by the circuit court's refusal to approve funding for a second mental health expert was adjudicated on the merits twice by that court. Two separate circuit judges in two separate proceedings found that Dr. Smith, an expert retained by petitioner's trial attorneys, fairly evaluated petitioner and determined, based on objective criteria, that petitioner did not have intermittent explosive disorder as his trial attorneys hoped to show that he had. Thus, the circuit court denied funding for a second expert—and reaffirmed that decision in petitioner's first habeas proceeding—on the ground that "defense counsel was looking for an expert that had the same view as counsel." Each judge reached that decision after conducting "[a] review of Dr. Smith's testimony" at the March 4, 1991, hearing.

Moreover, the first judge presided at the March 4, 1991, hearing and had the opportunity to determine Dr. Smith's credibility during his testimony. Therefore, we find that, even if Attorney Curry appealed the January 28, 2011, order from the first habeas proceeding, we would still have affirmed the circuit court's decision on the ground that we defer to credibility determinations. *See State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Accordingly, we find that the issue of whether petitioner was denied a meaningful defense was previously and finally adjudicated and that, assuming *arguendo* that Attorney Curry was ineffective by failing to appeal the January 28, 2011, order, such an appeal would not have changed the outcome of the first habeas proceeding. We conclude that the circuit court did not abuse its discretion in dismissing petitioner's instant habeas petition.

For the foregoing reasons, we affirm the circuit court's May 26, 2016, order dismissing his petition for a writ of habeas corpus.

Affirmed.

---

[3]In syllabus point 4 of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), we held that "[i]n reviewing an order denying a motion under Rule 60(b), . . . the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner."

**ISSUED:**   April 21, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6